■    In the Matter of ALL-CITY POULTRY CORP., Petitioner, v. FRANK WALKLEY, as Commissioner of Agriculture and Markets of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Agriculture and Markets. Petitioner operates a poultry slaughterhouse in New York City which has been receiving inspection service by the Department of Agriculture and Markets pursuant to article 5-D of the Agriculture and Markets Law since 1971. By a notice of hearing issued after reports of violations. had been filed by inspectors employed by the department, petitioner was charged with violating various provisions of said article 5-D, and regulations promulgated pursuant thereto, in the following respects: (1) processing poultry without inspection, specifically by eviscerating turkeys without a post-mortem inspection, on November 17, 1972; (2) removing or disposing of retained and uninspected poultry without permission of an inspector on November 20, 1972; (3) removing or disposing of retained poultry without permission of an inspector on October 17, 1972; and various sanitary violations and deficiencies numbered 4 through 45. After two days of hearings, charges numbered 1 through 3 were sustained, as were all but 10 of the 42 sanitary violations. The Commissioner imposed a penalty of $600, ordered that poultry inspection and all of petitioner's operations be suspended for 60 calendar days, and ordered that all violations be corrected, providing that the suspension would continue beyond the 60-day period if said violations were not corrected. The suspension has been stayed pending determination of this appeal. As to charge No. 1, petitioner contends that the eviscerated turkeys were intended for home use of one of its employees and therefore were exempted from inspection requirements pursuant to section 96-z-25 (subd. 1, par. [f]) of the Agriculture and Markets Law. Without determining whether there is a personal use exemption and whether it applies to businesses of the kind conducted by the petitioner, the record clearly establishes that the volume of petitioner's operations was such as to preclude applicability of the afore-mentioned exemption pursuant to subdivision 4 of said section 96-z-25. Since charge No. 1 has been sustained, and petitioner does not deny that these turkeys were removed after they had been marked by an inspector for retention, charge No. 2 must likewise be sustained. Charge No. 3 deals with the removal of poultry which had been retained because, in the opinion of the inspector, there were excessive pinfeathers on the carcasses. Petitioner contends that the retention was arbitrary, since there was not a significantly greater number of pinfeathers on these birds than on the carcasses of birds which had passed inspection in prior months. This contention lacks merit. The inspector testified that prior to October 17, he had sought to resolve the problem of excessive pinfeathers

by discussions with petitioner's management. Obviously, this informal approach was of no avail. Certainly, a waiver of the regulations by respondent cannot be imputed when those regulations were finally enforced. Moreover, if petitioner felt aggrieved by the retention, the appropriate remedy was by appeal to the inspector's superior (1 NYCRR 340.98). By removing the poultry petitioner foreclosed resolution of the matter, and, therefore, the charge of improper removal must be sustained. A review of the record also demonstrates that there was substantial evidence to support respondent's findings as to the sanitary violations. However, many of these violations appear to have been of a technical nature and, since violations Nos. 1, 2, and 3, though more serious, appear to have been isolated occurrences, we feel that respondent abused his discretion in imposing a penalty which is likely to have a severely damaging effect on petitioner's business (CPLR 7803, subd. 3). Therefore, while the $600 penalty is confirmed, we feel that the suspension of inspection should be reduced from 60 consecutive calendar days to 10 consecutive calendar days, provided that the sanitary violations are corrected within that time. Determination modified, by reducing the period of the suspension of petitioner's operations from 60 days to 10 days, and, as so modified, confirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.